UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JOSE MURILLO-MOYA,


v.                                    Case No. 8:04-cr-335-T-17MSS
                                              8:07-cv-697-T-17MSS


UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court upon Defendant Jose Murillo-Moya's amended
motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C.
§ 2255 (hereinafter "motion to vacate" or "motion"). (Doc. cv-5; cr-345).  A review of the
record demonstrates that, for the following reasons, Murillo-Moya's motion to vacate must
be denied.

Procedural History

On August 5, 2005, a federal grand jury in Tampa, Florida, returned an indictment
charging Murillo-Moya with one count of possession with intent to distribute five kilograms
or more of cocaine while aboard a vessel subject to the jurisdiction of the United states, in
violation of 46 U.S.C. App. §§ 1903(a),(g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii)
(Count One); and one count of conspiracy to possess with intent to distribute five kilograms
or more of cocaine while aboard a vessel subject to the jurisdiction of the United States,

in violation of 46 U.S.C. App. §§ 1903(a), (g), (j); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). Doc. cr-1.

On November 4, 2004, the government filed a Notice of Essential Elements, Penalty, and Factual Basis (Doc. cr-107) stating the following essential elements of charges against Murillo-Moya:

> The essential elements for violations of 46 App. U.S.C. §§1903(a) and (g) as charged in Count One of the Indictment are as follows:
>
> First: That the defendant was on board a vessel subject to the jurisdiction of the United States;
>
> Second: That the defendant knowingly and willfully possessed cocaine with the intent to distribute it; and
>
> Third: That the weight of the cocaine exceeded five kilograms, as charged.
>
> The essential elements for violations of 46 App. U.S.C. §§1903(a),(g) and (j) as charged in Count Two of the Indictment, are as follows:
>
> First: That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;
>
> Second: That the defendant knowingly and willfully joined in the conspiracy on one or more occasions.

On November 4, 2004, Murillo-Moya  pled guilty, without a plea agreement, to both counts in the Indictment. Doc. cr-108. On January 14, 2005, the Court accepted Murillo-Moya's guilty plea and adjudicated him guilty. Doc. cr-170.

On April 29, 2005, this Court held sentencing proceedings. Murillo-Moya was sentenced to 135 months' imprisonment, to be followed by 36 months of supervised release. Docs. cr-205 (Judgment); cr-266 (Sentencing Transcript).

Murillo-Moya directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 05-12628-FF. On appeal, Murillo-Moya raised the following issues:

a. The District Court failed to award a minor role reduction; and

b. Murillo-Moya's sentence was unreasonable under *United States v. Booker*, 543 U.S. 220 (2005) contending that the District Court failed to consider several of the 18 U.S.C. § 3553(a) factors.

*United States v. Murillo-Moya,* 171 Fed.Appx. 286, 287 (11th Cir. 2006) (unpublished).

On March 20, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the disposition of this case. *Id.* Doc. cr-328 (USCA Decision).

On April 23, 2007, Murillo-Moya timely filed his original Section 2255 motion. Doc. cv-1. On May 21, 2007, this Court denied the motion without prejudice, and ordered Murillo-Moya to file an amended motion which complied with the instructions on the form. Doc. cv-4. On May 29, 2007, Murillo-Moya filed his amended Section 2255 motion. Doc. cv-5.

In his amended motion, Murillo-Moya raises several allegations of receiving ineffective assistance of counsel. Doc. cv-5, pp. 4 - 8.

CHALLENGE TO GUILTY PLEA

Murillo-Moya claims he received ineffective assistance of counsel prior to entering his guilty plea by his counsel's failing to seek a plea agreement prior to the indictment or initial appearance, by not filing any pretrial motions, by failing to contact the Colombian embassy, and by failing to provide legal advice. Doc. cv-5, pp. 4-8.

It is well established that a voluntary, unconditional guilty plea waives all nonjurisdictional challenges to the constitutionality of the conviction that arose prior to the plea. *See, e.g., Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (guilty plea

waives pre-plea ineffective assistance of counsel claim in a section 2255 proceeding); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (guilty plea waives speedy trial and due process challenges in a section 2255 proceeding; collecting cases); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) (guilty plea waives claims regarding Miranda warnings, coerced confessions, perjury, and illegal searches and seizures in a section 2255 proceeding).

When Murillo-Moya entered his guilty plea, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Therefore, Murillo-Moya's claims relating to pre-plea ineffectiveness are not cognizable on collateral attack.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his motion to vacate, Murillo-Moya lists several allegations of ineffective assistance of counsel.

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690.  Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

**A. Ineffective Assistance of Counsel - Pre-Plea**

Murillo-Moya claims he received ineffective assistance of counsel during the pre-plea stage of his case. Specifically, Murillo-Moya asserts that his counsel made no effort to secure a plea agreement prior to the indictment and initial appearance, did not file any pre-trial motions, failed to contact the Colombian embassy, and failed to provide legal advice. Doc. cv-5, p. 4. Additionally, Murillo-Moya alleges his counsel failed to challenge the Court's jurisdiction over international waters. Doc. cv-5, pp. 6-7. Murillo-Moya provides no support whatsoever for these meritless claims, other than his own conclusory statements.

In Murillo-Moya's case, there was no opportunity for his counsel to seek a plea agreement prior to indictment or initial appearance. The sealed indictment was returned on August 5, 2004, and was not unsealed until August 10, 2004, the day Murillo-Moya was arrested. Docs. cr-3, cr-61. Murillo-Moya's initial appearance was made the next day, at which time counsel was appointed for him. Docs. cr-17, cr-20. The record demonstrates that Murillo-Moya was, in fact, offered a plea agreement but declined to accept it, mainly to retain his right to appeal. The issue was thoroughly reviewed with the Court at Murillo-Moya's guilty plea hearing. Doc. cr-274, pp. 6-12.

Although Murillo-Moya claims his counsel was ineffective for failing to file any pre-trial motions, he fails to identify any specific motions he believes his counsel should have filed. Counsel did, in fact, make an oral motion to continue trial and waive speedy trial. Doc. cr-73.

Murillo-Moya further claims counsel should have contacted the Colombian embassy. Again, Murillo-Moya fails to provide any support for his allegation, nor does he state how

6

he was prejudiced by his counsel's failing to do so. Counsel was under no obligation to contact the Colombian embassy.

Murillo-Moya makes a blanket, unsubstantiated assertion that his counsel failed to provide legal advice. To the contrary, at his guilty plea hearing, he informed the Court that he was satisfied with his attorney. Doc. cr-274, p. 5.

Murillo-Moya also asserts his counsel was ineffective for challenging the Court's jurisdiction over international waters. However, at his guilty plea hearing, Murillo-Moya agreed with the facts supporting the essential elements of his offenses as set forth by the government, which included the fact that the Court has jurisdiction.[1] Doc. cr-274, pp. 23-31. The government recited the following facts, in part:

> Despite having no vessel documentation or registration, flag of origin, or registration markings on the vessel, Mr. Spencer [Murillo-Moya's co-defendant] claimed the vessel to be registered in the country of Colombia, which the government of Colombia was not able to confirm or deny.
>
> Accordingly, under the relevant statute here, Title 46, Appendix, United States Code, Section 1903, the vessel was assimilated to be stateless - that is, a vessel without nationality - and accordingly subject to the jurisdiction of the United States.

Doc. cr-274, p. 27.

Therefore, Murillo-Moya's claims are without merit, and he is not entitled to any relief on his claims that counsel provided ineffective assistance prior to his guilty plea.

## B. Ineffective Assistance of Counsel - Sentencing

Murillo-Moya claims his counsel was ineffective prior to sentencing because he did not participate in the preparation of the presentence investigation report (PSR), did not

---

[1] With the exception of the amount of drugs in excess of what was identified in the indictment.

7

advise Murillo-Moya to discuss his role with the probation officer preparing the PSR, and made no objections to the PSR. Doc. cv-5, p. 4. Further, at sentencing, Murillo-Moya claims counsel failed to effectively argue for a downward departure for Murillo-Moya's role in the offense, including calling Murillo-Moya to testify on his own behalf regarding his role. Doc. cv-5, p. 5. Additionally, Murillo-Moya asserts his counsel was ineffective when he failed to address the application of a mandatory minimum sentence, failed to request a downward departure for pre-trial "hard confinement," and failed to seek a downward departure for extraordinary circumstances, noting that certain benefits are not available to Murillo-Moya because he is a citizen of Colombia, and is subject to deportation. Doc. cv-5, pp. 6-8. Once again, Murillo-Moya has failed to provide any support for his claims outside of his own conclusory allegations.

Murillo-Moya claims his counsel was ineffective for failing to efficiently seek a reduction in his United States Sentencing Guidelines offense level pursuant to USSG §3B1.2 based upon his minor role in his offense.

USSG §3B1.2 directs the sentencing court to decrease a defendant's guidelines offense level by two levels if he was a "minor participant in any criminal activity." USSG §3B1.2(b). A defendant does not merit any reduction under USSG §3B1.2 unless he is "substantially less culpable than the average participant." USSG §3B1.2 comment. (n.3(A)). Furthermore, he cannot qualify for a "minor role" reduction unless he is "less culpable than most other participants," USSG §3B1.2 comment. (n.5). A defendant seeking a reduction bears the burden of proving, by a preponderance of the evidence, that he is entitled to it. *United States v. de Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

In *de Varon*, 175 F.3d at 940-45, this Court established the analysis to apply when determining whether a mitigating-role reduction is warranted. First, the district court must measure the defendant's role against the relevant conduct for which he has been held accountable. *Id.* at 945. "[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . and . . . under some circumstances it may be dispositive." *Id.* at 943. The court may also measure the defendant's role against the roles of the other participants in that relevant conduct. Id. at 945. When considering a defendant's role as compared to other participants in the relevant conduct, however, "the district court should look to other participants only to the extent that they are identifiable or discernable from the evidence." *Id.* at 944. Importantly, in the final analysis, "it is possible that none [of the participants engaged in the relevant conduct is a] minor or minimal participant[]." *Id.*

As the guidelines themselves explain, "[t]he determination to apply [a mitigating role adjustment] involves a determination that is heavily dependent upon the facts of the particular case . . . [and] the court . . . is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." USSG §3B1.2, comment. (n.3(C)); *cf. United States v. Kapelushnik*, 306 F.3d 1090, 1095 (11th Cir. 2002) (defense counsel's allegations at sentencing insufficient basis upon which to grant downward departure); *United States v. Tomono*, 143 F.3d 1401, 1404 (11th Cir. 1998) ("[T]he arguments of counsel are generally an insufficient basis upon which to depart from the guidelines ."); *United States v. Onofre-Segarra*, 126 F.3d 1308, 1310-11 (11th Cir. 1997) (vacating sentence where court based downward departure on counsel's argument at sentencing)).

Counsel for Murillo-Moya did, in fact, file objections to the PSR, regarding a mitigating role adjustment. See Addendum to PSR. Not only did counsel seek a downward departure for minor role at sentencing (Doc. cr-266, pp. 11-15), he also raised the issue on direct appeal with the Eleventh Circuit. In his brief, Murillo-Moya's counsel argued that "the district court only considered the quantity of drugs transported and did not consider the fact that his role was only to transfer fuel and supplies or that he had no financial interest in the drug transaction." Doc. cr-328, p. 2. Additionally, he noted that Murillo-Moya "did not own the vessel, did not have any specialized skills, had no direct contact with the cocaine shipment, and did not aid in the planning of the shipment." *Id.* This argument is very similar to Murillo-Moya's current claim.

As the Eleventh Circuit pointed out in affirming Murillo-Moya's conviction, because there is no distinction on the record in the roles played by the crew members, Murillo-Moya cannot show that the Court erred in denying a minor role reduction. Doc. 328, p. 5. Murillo-Moya offers no new evidence to support this contention in his section 2255 motion.

Regarding Murillo-Moya's claim that his counsel did not advise him to discuss his role with the probation officer preparing the PSR, his allegation is unsupported by the record. Murillo-Moya was interviewed by the probation officer as noted in the PSR. PSR, p. 4. Murillo-Moya was also given an opportunity to address the Court personally at sentencing, which he declined. Doc. cr-266, p. 17. Moreover, Murillo-Moya's claim is vague and unsubstantiated.

Murillo-Moya also asserts his counsel was ineffective when he failed to address the application of a mandatory minimum sentence, failed to request a downward departure for pre-trial "hard confinement," and failed to seek a downward departure for extraordinary

circumstances, noting that certain benefits are not available to Murillo-Moya because he is a citizen of Colombia, and is subject to deportation. Doc. cv-5, pp. 6-8.

On appeal, Murillo-Moya's counsel argued that Murillo-Moya's sentence is unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005), alleging the District Court failed to consider several factors of 18 U.S.C. § 3553(a), noting Murillo-Moya was subject to deportation. This argument was denied on appeal.

Additionally, pre-*Booker*, the Eleventh Circuit determined in *United States v. Veloza*, 83 F.3d 380, 382 (11th Cir. 1996), *overruled on other grounds United States v. Campbell*, 181 F.3d 1263 (11th Cir. 1999), that the impact of the defendant's alien status on the execution of his sentence did not justify a downward departure from the defendant's applicable sentencing guidelines offense level. *Cf. United States v. Maung*, 320 F.3d 1305, 1309 (11th Cir. 2003) (sentencing court may not depart downward for the purpose of taking a crime out of the definition of an aggravated felony in order to shield the defendant from the immigration consequences). The Eleventh Circuit ruled that "'the unavailability of preferred conditions of confinement, (2) the possibility of an additional period of detention pending deportation following the completion of the sentence, and (3) the effect of deportation as banishment from the United States and separation from family' were consequences of a defendant's alienage that did not warrant a departure." *Veloza,* 83 F.3d at 382 (citation omitted). Similarly in the instant case, these factors did not require the Court to impose a sentence below the advisory guidelines level.

Further, Murillo-Moya asserts that counsel should have challenged the application of the mandatory minimum. This claim is wholly without merit. As noted in the PSR, because Murillo-Moya met all the criteria for the safety valve provision as set forth in 18

11

U.S.C. 3553(f)(1)-(5), the Court did not apply the mandatory minimum sentence in Murillo-Moya's case. In sum, Murillo-Moya's counsel did not render constitutionally ineffective assistance with respect to the grounds raised by Murillo-Moya, and Murillo-Moya did not suffer any prejudice in any event. Therefore, as Murillo-Moya has failed to meet both *Strickland* prongs, his claims of receiving ineffective assistance of counsel have no merit.

Accordingly, the Court orders:

That Murillo-Moya's motion to vacate (Doc. cv-5; cr-345) is denied.  The Clerk is directed to enter judgment against Murillo-Moya in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 4, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Joseph K. Ruddy
Pro se: Jose Murillo-Moya